{¶ 15} I concur with the majority decision to dismiss this appeal only because the January 8, 2008 order lacks the requisite Civ. R. 54(B) language. I disagree, as I have in the past, with the analysis of dismissal as it relates to the trial court's order not being a final appealable one because it stated that it was adopting the *Page 9 
magistrate's decision without separately stating its own judgment. SeePlymouth Park Tax Servs., LLC, et al. v. Frazier, et al., Cuyahoga App. Nos. 90343, 90352, 90353, 90354, 90356, 90357, 90464, 90525, and 90526,2008-Ohio-3348 (Stewart, J., concurring in part and dissenting in part);Ameriquest Mtge. Co. v. Stone, Cuyahoga App. No. 89899, 2008-Ohio-3984
(Stewart, J., dissenting). "In order to constitute final judgment in a matter tried to a magistrate, the trial court must review the magistrate's decision and: (1) rule on any objections to the magistrate's decision, (2) adopt, modify, or reject the magistrate's decision, and (3) enter a judgment that determines all the claims for relief in the action or determine that there is no just reason for delay. Civ. R. 53(D)(4)(b)-(d) and (E); R.C. 2305.02: Civ. R. 54. . . ."Plymouth Park, 2008-Ohio-3348, at ¶ 3.
 {¶ 16} The December 27, 2007 entry announced the court's decisions on objections to the magistrate's report and stated the court found no error with the report. The January 8, 2008 entry adopts the magistrate's decision, and then issues judgment. That judgment is very specific as to the prevailing party, the judgment amount awarded, and even the varying interest amounts. The court then grants a decree of foreclosure for plaintiff. Parties would clearly know their rights and obligations from the entry. Therefore, I would not dismiss the case on this ground. *Page 1